# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. WAYNE CHRISTOPHER WATKINS, Defendant. | Case No. CR15-0031 ORDER FOR PRETRIAL DETENTION |

On the 24th day of April, 2015, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, Leslie E. Stokke.

## I. RELEVANT FACTS AND PROCEEDINGS

On March 31, 2015, Defendant Wayne Christopher Watkins was charged by Indictment (docket number 3) with conspiracy to manufacture and distribute a controlled substance (Count 1) and possession with intent to distribute, and aiding and abetting the possession with intent to distribute, a controlled substance (Count 3). At the arraignment on April 22, 2015, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on June 22.

Officer Jerry Blomgren of the Iowa City Police Department testified regarding the circumstances underlying the instant charges. Early in 2014, authorities received information that Defendant Wayne Watkins was manufacturing synthetic drugs at his home in Cedar Rapids. A search warrant was obtained and executed on May 7, 2014. Officers found extensive evidence of the manufacture of synthetic drugs, as illustrated in the

photographs identified as Government's Exhibits 1-35. After being *Mirandized*, Defendant admitted that he and co-Defendant Robert Sharp had been manufacturing synthetic drugs in his basement. According to Defendant, he was later paid $800 per week by Sharp to package synthetic drugs which Sharp delivered to Defendant's home.

Defendant is 39 years old. Until a year or two ago, Defendant lived in Illinois. His mother and brother continue to reside in Illinois. Defendant is single and has never been married, but has three children from three prior relationships. Those children also reside in Illinois.

Prior to his employment, Defendant was employed as a material handler at PMX Industries in Cedar Rapids. The vice-president of human resources for PMX told the pretrial services officer, however, that because Defendant had lied regarding his recent absence from work, it was likely he would be terminated in the near future.

Defendant's prior criminal record dates back to 1995, when Defendant was 19 years old. Excluding traffic offenses, Defendant has been convicted of domestic battery, disorderly conduct (X 2), driving under the influence of alcohol (X 2), knowingly damaging property, obstructing justice, intimidation/physical harm, battery, knowingly damaging property, domestic battery, battery, resisting a peace officer, and assault causing bodily injury. Many of the charges occurred while Defendant was under court supervision or had other charges pending. Defendant has failed to appear for court proceedings on ten different occasions.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

## A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

3

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not

4

disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to manufacture and distribute a controlled substance, and possession with intent to distribute, and aiding and abetting the possession with intent to distribute, a controlled substance. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(C).

Because there is probable cause to believe Defendant committed a serious drug offense, there is a rebuttable presumption that he should be detained. The evidence against Defendant is strong. The photographs introduced at the hearing clearly demonstrate that Defendant had a drug manufacturing operation at his home, and Defendant admitted so in an interview with police. Defendant does not have strong ties to this community, and it appears that he will not have employment. Defendant has an extensive criminal record, including multiple offenses while on probation or while other charges were pending. Defendant has failed to appear for court proceedings on ten occasions. There is also an outstanding warrant in Illinois for Defendant's arrest. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained

prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (April 22, 2015) to the filing of this Ruling (April 24, 2015) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 24th day of April, 2015.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA